UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JONES,<br><br>             Plaintiff,<br><br>     v.<br><br>STUART SHERMAN, et al.,<br><br>             Defendants. | Case No. 1:21-cv-01093-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 36 & 38)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO PLAINTIFF AT HIS ADDRESS ON THE DOCKET AND AT 3995 BOSTON AVE., SAN DIEGO, CA 92113 |

Tracy Jones ("Plaintiff") is a state prisoner (or former state prisoner) proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 15, 2022, the Court issued an order requiring the parties to submit scheduling and discovery statements within thirty days. (ECF No. 36). The Court also required Plaintiff to file a notice of change of address within thirty days. (Id.).[1] On October

---

[1] On June 2, 2022, Plaintiff filed a notice of change of address, stating that his address will change on July 6, 2022. (ECF No. 33). However, Plaintiff never confirmed that his address changed on July 6, 2022, nor did he make any other filings. Accordingly, the Court directed Plaintiff to file a notice of change of address and sent a copy of the order to both the address listed on the docket and the address listed on his June 2, 2022 notice of change of address. (ECF No. 36).

1

14, 2022, Defendants filed their scheduling and discovery statement. (ECF No. 37). Plaintiff did not file a scheduling and discovery statement or a notice of change of address, and his deadline to do so passed.

Accordingly, on October 24, 2022, the Court gave Plaintiff an additional twenty-one days to file his statement and notice of change of address. (ECF No. 38). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (Id. at 2). This extended deadline passed, and Plaintiff once again failed to file his statement and notice of change of address.

Therefore, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with Court orders and to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff's failure to file a scheduling conference statement and notice of change of address is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become

stale," id. at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen to stop prosecuting this action and has failed to comply with court orders, despite being warned of possible dismissal,[2] there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as Plaintiff has decided to stop prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are

---

[2] "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." Local Rule 182(f).

advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

    Additionally, IT IS ORDERED that the Clerk of Court is directed to send a copy this order to Plaintiff at his address listed on the docket and at 3995 Boston Ave., San Diego, CA 92113.

IT IS SO ORDERED.

Dated:   **November 22, 2022**            /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE